# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

August 26, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BEN SHINN TRUCKING, INC.,**
**Employer Below, Petitioner**

**vs.)    No. 15-0965** (BOR Appeal No. 2050397)
                        (Claim No. 2014037377)

**JOSEPH W. HOWELL,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ben Shinn Trucking, Inc., by Lisa Warner Hunter, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated September 9, 2015, in which the Board affirmed an April 15, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's June 19, 2014, which held the claim compensable for only spasm of muscle of neck and spasm of muscle of back (lumbar) and denied initial temporary total disability benefits. The Office of Judges granted temporary total disability benefits from May 6, 2014, through October 13, 2014, and added lumbar sprain/strain and cervical sprain/strain as compensable diagnoses in the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Howell, a meter reader for Ben Shinn Trucking, Inc., was backing a large truck into position on May 6, 2014, when he accidentally struck another vehicle. The impact resulted in injury to his lower back and neck. On May 15, 2014, Mr. Howell was evaluated by physical therapist David Lee for complaints of pain in the lumbar and cervical spine and headaches. Physical examination revealed pain and swelling in the left mid to upper cervical joints. Mr.

1

Lee's assessment was acute cervical and lumbar sprain. Mr. Lee recommended therapeutic and home exercises. The goal was to return Mr. Howell to work in four weeks with minimal and infrequent pain.

In late May of 2014, Mr. Howell was evaluated by H. A. Valentine, M.D. Dr. Valentine diagnosed Mr. Howell with a neck sprain, back sprain, headache syndrome, and muscle spasms. Dr. Valentine ordered medication, continued physical therapy, and a referral to occupational medicine for evaluation and management. Mr. Howell was to remain off work until he could be re-evaluated. On June 16, 2014, Anna Allen, M.D., performed an independent medical evaluation. In regard to causality, Dr. Allen noted that a large vehicle moving at low speed has significant momentum to result in muscle injury with sudden stops. In that regard, Dr. Allen stated that Mr. Howell's severe muscle spasms were not unusual in light of the mechanism of injury. Dr. Allen recommended continued physical therapy treatment and medication for Mr. Howell's low back and neck symptoms. In regard to Mr. Howell's ability to work, Dr. Allen opined that he would only be qualified for sedentary duties with minimal lifting and bending.

A letter from Dr. Allen dated June 19, 2014, indicated that Mr. Howell was confused about why his claim was being closed. Dr. Allen opined that the restrictions discussed could not have been retroactively applied to a job from which he was terminated more than a month prior. Mr. Howell was not given an official restriction form at the time of visit with the understanding that this was a one-time consultation that would be discussed with his treating physician for continued management. Mr. Howell was not able to return to full duty and his restrictions at this time are limited and would not allow him to work as a truck driver with lifting of less than ten pounds, no bending, climbing or overhead work, and no ladders. The claims administrator held the claim compensable for muscle spasms of the neck and muscle spasms of the lumbar spine on June 19, 2014. The claims administrator also concluded Mr. Howell was not entitled to temporary total disability benefits.

Troy Sedlmeyer, M.D., at Med Express examined Mr. Howell on July 8, 2014. The assessment was muscle spasm, sprain/strain of the neck, lumbar sprain/strain, sacroiliac sprain/strain, and headache. Medication and physical therapy were recommended. Dr. Sedlmeyer released Mr. Howell to modified duty work with no bending, kneeling, pushing, or pulling; occasional reaching, standing, sitting, and walking; and no lifting or carrying over five pounds. At a July 21, 2014, follow-up, two weeks of additional physical therapy were recommended. Mr. Howell was released to modified duty work with occasional bending, kneeling, pushing, and reaching, and lifting and carrying up to ten pounds.

On August 14, 2014, Mr. Howell was seen by Paul Steinman, D.O., at Med Express for a follow-up. Mr. Howell complained of migraines and difficulty sleeping. The assessment was muscle spasm. Dr. Steinman ordered an independent medical evaluation, a functional capacity evaluation, and medication for headaches and sleeping. Dr. Steinman certified that Mr. Howell was temporarily and totally disabled from May 6, 2014, to the present. On August 31, 2014, Mr. Howell underwent a functional capacity evaluation at Elkins Physical Therapy. The report indicated he was capable of performing work at the sedentary physical demand level.

A September 30, 2014, lumbar MRI revealed L5-S1 degenerative changes with mild central canal stenosis, bilateral lateral recess stenosis that was slightly asymmetric to the right, and mild to moderate neural foraminal narrowing. A cervical MRI performed the same day revealed multilevel degenerative changes, most significant at C5-6 and C6-7. A November 25, 2014, independent medical evaluation performed by Marsha Bailey, M.D., indicated Mr. Howell was at his maximum degree of medical improvement. Dr. Bailey opined that he reached his maximum medical improvement on October 14, 2014. Dr. Bailey did not find any ratable whole person impairment.

The Office of Judges determined that the weight of the evidence establishes Mr. Howell was rendered temporarily and totally disabled as a result the compensable injury. The Office of Judges relied on the medical reports of Dr. Valentine, Dr. Allen, Dr. Steinman and Dr. Bailey who opined that he was unable to return to his regular duty work as a truck driver due to his compensable injuries. The Office of Judges found that although the employer argues that the claimant voluntarily quit his job on May 6, 2014, the evidence relied upon by the employer to prove this point is not of record. Because he was certified by several physicians as injured and there was no evidence of him quitting his job, the Office of Judges found that Mr. Howell is entitled to temporary total disability benefits in this claim. The Office of Judges found that Dr. Steinman opined on August 14, 2014, that Mr. Howell was temporary and totally disabled from May 6, 2014, to the present. Thereafter, Dr. Bailey performed an independent medical evaluation on November 25, 2014, and found that he reached maximum medical improvement on October 14, 2014. The Office of Judges then found that the claim was compensable for a cervical sprain and a lumbar sprain. The Office of Judges noted that the medical reports of Dr. Valentine, Dr. Bailey, and Dr. Allen establish that Mr. Howell sustained a cervical sprain and lumbar sprain as a result of the compensable injury. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

After review, we agree with the consistent decisions of the Office of Judges and Board of Review. The medical evidence supports the finding that Mr. Howell suffered a lumbar and cervical spine strain as a result of the compensable injury. The reports of Dr. Valentine, Dr. Bailey, and Dr. Allen support this finding. The award of temporary total disability benefits is appropriate because it is supported by the reports of Dr. Steinman and Dr. Bailey. Dr. Steinman established that Mr. Howell was temporary and totally disabled on May 6, 2014, and Dr. Bailey's independent medical evaluation found that he reached his maximum degree of medical improvement on October 14, 2014.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 26, 2016**

**CONCURRED IN BY:**

Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Chief Justice Menis E. Ketchum